UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUAN NGUYEN,<br><br>          Petitioner,<br><br>     v.<br><br>G.D.LEWIS,<br><br>          Respondent. | No.  2:13-cv-1918 KJN P<br><br><br>ORDER |

    Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has not filed a request to proceed in forma pauperis or paid the filing fee.

    Petitioner challenges a prison disciplinary imposed on August 16, 2009, while petitioner was housed at Kern Valley State Prison.  As a general rule, "[t]he proper forum to challenge the execution of a sentence is the district where the prisoner is confined."  Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).  Petitioner is incarcerated at Pelican Bay State Prison, County of Del Norte, which lies in the Northern District of California.  See 28 U.S.C. § 84(a).

    Pursuant to 28 U.S.C § 2241(d), courts in both the district of conviction and the district of confinement have concurrent jurisdiction over applications for habeas corpus filed by state prisoners.  It does not appear that petitioner was convicted in this district, nor is he presently confined here.  For that reason, this court does not have jurisdiction to entertain the application.

1

In the interest of justice, this court may transfer this action "to any other district where it might have been brought." 28 U.S.C. § 1404(a).  For the reasons set forth above, the most appropriate forum for the instant action is the district where petitioner is confined.  Therefore, in the interest of justice, this action will be transferred to the United States District Court for the Northern District of California.

      Accordingly, in the furtherance of justice, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of California.

Dated:  October 4, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

nguy1918.108